**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
David McGlothlin, Esq. (253265)
david@westcoastlitigation.com
Alexander H. Lim, Esq. (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
Andra Jay As Executor of the Estate of Rita Cutler

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER,**<br><br>Plaintiff,<br><br>v.<br><br>**NISSAN MOTOR ACCEPTANCE CORPORATION; GC SERVICES LIMITED PARTNERSHIP; REGIONAL ADJUSTMENT BUREAU, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION, LLC,**<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>III. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>IV. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>V.  **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. ANDRA JAY AS EXECUTOR OF THE ESTATE OF RITA CUTLER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NISSAN MOTOR ACCEPTANCE CORPORATION ("Nissan"); GC SERVICES LIMITED PARTNERSHIP ("GC Services"); REGIONAL ADJUSTMENT BUREAU, INC. ("RAB"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and, TRANS UNION LLC ("Trans Union") with regard to

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7.  Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (iii) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (iv) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); and, (v) California Civil Code §§ 1798-92, et seq.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

13. Plaintiff's mother, Rita Cutler ("Ms. Cutler"), is alleged to have incurred various alleged debts while Ms. Cutler lived in the County of Los Angeles, State of California.

14. On September 1, 2015, Plaintiff was appointed Executor of Ms. Cutler's Estate by the Superior Court of California, County of Riverside in the matter of *Estate of Rita Cutler*, court case number: INP 1500542.

15. Prior to Ms. Cutler's passing, the Honorable Michael W. Fitzgerald of the Central District of California appointed Ms. Jay to act as Ms. Cutler's Guardian Ad Litem on August 7, 2014 in the matter of *Cutler ex rel. Jay v. Sallie Mae, Inc.*, court case number: EDCV13-2142 MWF (DTBx), ECF No. 72.

16. Ms. Jay is a natural person who resides in the County of Riverside, State of California.

17. Ms. Cutler is a deceased individual who resided in the County of Los Angeles, State of California and various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Ms. Cutler is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

18. Ms. Cutler was a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d) at all times relevant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

19. In addition, Ms. Cutler was a "senior citizen" as that term is defined by Cal. Civ. Code § 1761(f) at the time of Defendants' violations at issue herein.

20. Defendant Nissan is a corporation incorporated in the State of California.

21. Defendant GC Services is a limited partnership incorporated in the State of Delaware with its principal place of business in Houston, Texas.

22. Defendant RAB is a corporation incorporated in the State of Tennessee.

23. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

24. Defendant Experian is a corporation incorporated in the State of Ohio.

25. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

26. Nissan is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants, aside from Trans Union; Experian; or Equifax ("the Credit Bureaus"), in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

28. The Credit Bureaus are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

29. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5) and California Civil Code §1788.2(d), and a

"consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

30. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

31. Defendants, aside from the Credit Bureaus, are each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

## FACTUAL ALLEGATIONS

32. At all times relevant, Plaintiff is an individual residing within the State of California.

33. In 2006, Ms. Cutler was diagnosed with Alzheimer's disease.

34. Thereafter, Ms. Cutler's husband, Harold W. Cutler, passed away on January 26, 2008.

35. After years of medical care, two separate doctors and a registered nurse declared Ms. Cutler to be incompetent. Specifically, David W. Trader, M.D. on March 10, 2008; Dr. R. Swamy Venuturupalli, M.D., F.A.C.R. on March 19, 2008; and, Liz Gayton, RN on February 28, 2012.

36. Shortly after this diagnosis, Plaintiff's daughter, Andra Jay ("Ms. Jay"), obtained Power of Attorney for Ms. Cutler in or about May 2008.

37. As a result of the medical issues and Ms. Cutler's delicate age, Ms. Jay retained the services of a family of three to act as live-in caregivers.

38. While caring for Ms. Cutler, the primary caregiver's daughter, Joana Reboja ("Reboja") met Kevin Smith ("Smith") online.

39.   Merely months after meeting online, Smith moved into Ms. Cutler's home to live with Reboja and to provide additional assistance for Ms. Cutler.

40.   In or about 2008, Smith abused Smith's role as caregiver and stole Ms. Cutler's identity for Smith's own personal gains.

41.   Specifically, Smith stole Ms. Cutler's identity in order to purchase two Nissan Z automobiles for Smith's personal use without Ms. Cutler's knowledge and/or consent.   Smith unilaterally listed Ms. Cutler as the owner of both vehicles.

42.   Following this purchase, Ms. Jay was contacted by Nissan informing Ms. Jay that Ms. Cutler was delinquent on Ms. Cutler's car payment.   Since Ms. Jay knew that Ms. Cutler did not drive, Ms. Jay was immediately suspicious and requested more information from Nissan.

43.   As a result of Ms. Jay's investigation, Ms. Jay provided Nissan with sufficient information, including two police reports, to allow Nissan to determine that Smith obtained the vehicles fraudulently and Nissan promised to refrain from collection efforts against Ms. Cutler and/or Ms. Jay on or about  December 8, 2011.

44.   Despite Nissan's promise to "permanently" refrain from further collection attempts, Nissan has utilized various debt collectors, including but not limited to, GC Services and RAB, to pursue the fraudulent debt from Ms. Cutler on behalf of Nissan.

45.   Specifically, GC Services, on behalf of Nissan, sent Ms. Cutler a collection letter dated December 3, 2014 attempting to collect the fraudulent debt.

46.   In response, Ms. Jay sent GC Services a written communication via certified mail disputing the alleged debt on December 15, 2014.   Ms. Jay's dispute included the police reports and Nissan's letter forgiving the alleged debt and was received by GC Services on December 19, 2014.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

47. By attempting to collect the invalid debt, GC Services violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GC Services also violated Cal. Civ. Code § 1788.17.

48. Through this conduct, GC Services violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GC Services also violated Cal. Civ. Code § 1788.17.

49. Through this conduct, GC Services violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GC Services also violated Cal. Civ. Code § 1788.17.

50. Through this conduct, GC Services violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, GC Services also violated Cal. Civ. Code § 1788.17.

51. At some point after December 19, 2014, GC Services returned the alleged debt to Nissan.

52. Thereafter, Nissan retained RAB to collect the alleged debt on behalf of Nissan.

53. In this regard, Ms. Jay received a written communication from RAB dated March 19, 2015 attempting to collect the alleged debt on behalf of Nissan.

54. Similarly, Ms. Jay sent RAB the same information provided to GC Services in response to RAB's collection attempts.

///

55. By attempting to collect the invalid debt, RAB violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, RAB also violated Cal. Civ. Code § 1788.17.

56. Through this conduct, RAB violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, RAB also violated Cal. Civ. Code § 1788.17.

57. Through this conduct, RAB violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, RAB also violated Cal. Civ. Code § 1788.17.

58. Through this conduct, RAB violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, RAB also violated Cal. Civ. Code § 1788.17.

59. Furthermore, Nissan also engaged in collection activity against Ms. Cutler by reporting Ms. Cutler's alleged debt to the credit bureaus as an outstanding obligation. In so doing, Nissan has failed to report to the bureaus that the Nissan account at issue was incurred as the result of identity theft.

60. Due to the Nissan account being reported to the bureaus, Ms. Jay disputed the Nissan account with each Credit Bureau in December 2014. Said disputes explicitly informed the credit bureaus that the Nissan account was opened due to fraudulent activity and should be removed from Ms. Cutler's credit report. In addition, Ms. Jay also provided supporting documentation with Ms. Jay's disputes.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

61. Despite receipt of this information, each Credit Bureau has verified the alleged debt and continues to report said debt.

62. Through this conduct, Nissan violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Ms. Cutler's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Nissan violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Nissan violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Ms. Cutler's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Nissan violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Nissan violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Ms. Cutler's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Nissan violated Cal. Civ. Code § 1788.17.

65. Through this conduct, Nissan violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Ms. Cutler's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Nissan violated Cal. Civ. Code § 1788.17.

66. Through this conduct, Nissan violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Nissan violated Cal. Civ. Code § 1788.17.

67. Through this conduct, Nissan has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Nissan knew or should known was inaccurate.

68. Due to Nissan's failure to investigate, Nissan failed to update Ms. Cutler's credit file with the correct information and continues to report inaccurate information in violation of the FCRA.

69. Similarly, the Credit Bureaus each violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

70. In addition, Nissan's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST GC SERVICES; AND, RAB ONLY]

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

73. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST ALL DEFENDANTS EXCEPT THE CREDIT BUREAUS]

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

76. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from both Capital One; and, Citibank individually.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692x (FCRA)

### [AGAINST NISSAN; AND, THE CREDIT BUREAUS ONLY]

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

79. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

80. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT IV

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST NISSAN ONLY]

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

83. In the regular course of its business operations, Nissan routinely furnishes information to credit reporting agencies pertaining to transactions between Nissan and Nissan's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

84. Because Nissan is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Nissan is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Nissan received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Nissan should have known that the accounts at issue did not belong to Plaintiff.

## COUNT V

### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST NISSAN ONLY]

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

87. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of statutory damages of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

///

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- Treble damages pursuant to Cal. Civ. Code § 3345; and,

- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

88.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: December 1, 2015                        Respectfully submitted,

                                               KAZEROUNI LAW GROUP, APC


                                               By:   ___/s/ Matthew M. Loker___
                                                     MATTHEW M. LOKER, ESQ.
                                                     ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626